GLOBE MORTGAGE COMPANY (FORMERLY SECURITIES MORTGAGE COMPANY), A CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 18058, 22202. Promulgated February 14, 1950.

*Harry Henke, Jr., Esq.*, for the petitioner.
*Wilford H. Payne, Esq.*, for the respondent.

---

194

## OPINION.

LeMire, *Judge*: Section 719 of the Internal Revenue Code provides with respect to borrowed invested capital for excess profits tax credit purposes as follows:

SEC. 719. BORROWED INVESTED CAPITAL.

(a) BORROWED CAPITAL.—The borrowed capital for any day of any taxable year shall be determined as of the beginning of such day and shall be the sum of the following:

(1) The amount of the outstanding indebtedness (not including interest) of the taxpayer which is evidenced by a bond, note, bill of exchange, debenture, certificate of indebtedness, mortgage, or deed of trust, * * *

* * * * * * *

(b) BORROWED INVESTED CAPITAL.—The borrowed invested capital for any day of any taxable year shall be determined as of the beginning of such day and shall be an amount equal to 50 per centum of the borrowed capital for such day.

In addition to restating the requirements of the statute, respondent's Regulations 112, section 35.719–1, provides that: "In order for any indebtedness to be included in borrowed capital it must be bona fide. It must be one incurred for business reasons and not merely to increase the excess profits credit." We have previously upheld the validity of the cited portion of Regulations 112, section 35.719–1, in *Hart-Bartlett-Sturtevant Grain Co.*, 12 T. C. 760, where we said: "It is entirely in accord with the spirit of the excess profits tax legislation."

Respondent concedes that the borrowings in question were evidenced by notes and did constitute indebtedness of the petitioner, thus meeting the requirements of the letter of the statute. The real question at issue, then, is whether the indebtedness qualifies as borrowed invested capital within the intent of the statute and regulations. *Player Realty Co.*, 9 T. C. 215; *Hart-Bartlett-Sturtevant Grain Co.*, *supra.*

Respondent argues that this case is controlled by our decision in *Hart-Bartlett-Sturtevant Grain Co.*, *supra*, in which we held that the taxpayer's borrowings to purchase U. S. Government securities during war loan drives did not constitute borrowed invested capital for excess profits tax purposes within the meaning of section 719 of the Internal Revenue Code and Regulations 112, section 35.719–1. In that case the taxpayer, a corporation engaged in the grain business, borrowed large sums to purchase U. S. Government bonds during war loan drives, paying the same interest on the borrowed money that it received from the bonds. It sold out all the securities and retired the notes for the loans after the close of the fiscal year, when the excess profits tax was no longer in effect and the tax benefits of a large amount of borrowed invested capital could no longer be obtained. The taxpayer did not contend that the transactions were entered into for profit, but contended only that it obtained good will by participating in war loan drives in communities where it had grain elevators. This Court concluded that the facts did not support a view that the borrowings were a proper measure by which the amounts of profits which were excessive could be judged, since the funds were not borrowed for business reasons and were not subject to business risks.

The facts of that case are clearly distinguishable from the facts in this case. Here, the taxpayer was engaged in a general mortgage and investment business and was accustomed to borrowing large sums from the banks to finance its business investments. When, as a result of wartime building restrictions, petitioner became unable to obtain sufficient mortgage loan investments, it used its available credit to borrow for investments in U. S. Government securities. The petitioner had for several years made investments in corporate and Government securities and its officers were familiar with the market in such securities. We conclude from all the facts that the petitioner borrowed the sums here in question and used them to purchase Gov-

ernment securities in the normal course of its business as bona fide business transactions, subjecting the borrowed capital to business risks for profit. The petitioner did not sell out the securities and pay the loans they secured until an anticipated decline in the Government securities market threatened to reduce the profits on its investments. Although the fact that petitioner did realize a substantial profit on the investments does not in itself determine whether the investments were bona fide transactions in connection with petitioner's business, it does indicate that petitioner's officers were justified in their expectations of profits from the transactions. The further fact that petitioner did not sell out the securities and repay the loans until, in some cases, long after the excess profits tax was no longer effective [1] further evidences the bona fide business nature of the transactions.

The fundamental purpose of the legislation defining invested capital for excess profits tax purposes was to establish a measure by which the amount of profits which were "excess" could be judged. The capital funds of the business, including borrowed capital, which were placed at the risk of the business are entitled to an adequate return. *West Construction Co.*, 7 T. C. 974; *Hart-Bartlett-Sturtevant Grain Co.*, *supra*.

Petitioner's officers were kept informed of the tax consequences of their business activities and were aware that the transactions here in question would result in substantial tax benefits. However, the tax saving incident to the transactions does not negative the petitioner's motive in entering the transactions to make a profit. The petitioner is not required to transact business by other means to avoid saving taxes. *Gregory* v. *Helvering*, 293 U. S. 465; *Commissioner* v. *Kolb*, 100 Fed. (2d) 920.

We conclude that the borrowings here in question were for business reasons and that the amounts borrowed are includible in petitioner's borrowed invested capital under section 719 of the Internal Revenue Code.

*Decisions will be entered under Rule 50.*

---

[1] The excess profits tax was repealed by the Revenue Act of 1945, effective with respect to taxable years beginning after December 31, 1945. Petitioner's investments in Government securities were finally liquidated March 23, 1948.